[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-12955
Non-Argument Calendar
_____

D.C. Docket No. 1:13-cr-00282-CG-B-1


UNITED STATES OF AMERICA,

Plaintiff – Appellee,

versus

LARRY GENE BROADNAX,

Defendant – Appellant.


_____

Appeal from the United States District Court
for the Southern District of Alabama
_____

(February 10, 2015)

Before TJOFLAT, HULL, and ROSENBAUM, Circuit Judges.

PER CURIAM:

Appellant Larry Broadnax pled guilty to the offense of being a felon in

possession of a firearm, in violation of 18 U.S.C. § 922(g)(1), and the District

Court sentenced him to a prison term of 120 months, the maximum term prescribed by statute.[1]  He appeals his sentence, arguing that the District Court, in determining this total offense level under the Sentencing Guidelines, erred (1) in applying U.S.S.G. § 2A3.1(a)(2) as the base offense level on a finding that he possessed a firearm while involved in the commission of an act of sexual abuse, and (2) in failing to apply U.S.S.G. § 3E1.1(a) to reduce his total offense level for acceptance of responsibility.  We affirm.

The salient facts are these.  On April 30, 2013, the Mobile County, Alabama, Sheriff's Office responded to a home invasion.  They found two males in the front yard of the house suffering from injuries.  One of the males said that a black sedan containing four men had pulled into the front yard.  The men got out, and after one of them struck him in the face with a shotgun, three of the men entered the house. One stayed outside.  Charles Campbell, who was inside the house, told the officers that the man who remained outside was his cousin, Larry Broadnax, the appellant. Campbell said that once inside, the three men forced the occupants of the house to remove their clothes.  Then, one of the men took a female occupant into a bedroom, raped her, and made her perform oral sex.

---

[1] *See* 18 U.S.C. § 924(a)(2).

The police subsequently caught Broadnax driving the black sedan the four men had used.  He consented to a search of the car.  In the trunk were two shotguns and the cellphone of one of the victims.

We find no merit to Broadnax's appeal.  Even if we were to assume that the court erred in determining the total offense level as Broadnax contends, the vacation of his sentence and remand for resentencing would be unnecessary because the District Court emphatically stated during the sentencing hearing that, assuming such error, it would have imposed the same 120 months sentence it handed down.  *See United States v. Keen*, 470 F.3d 1347, 1348–49 (11th Cir. 2006).  The court made the statement after taking fully into account the purposes of sentencing set out in 18 U.S.C. § 3553(a), to wit: the seriousness of the offense and the need for just punishment, the need to deter others from committing the offense, and the need to incarcerate Broadnax to protect the public.

AFFIRMED.

3